## N. Y. SUPERIOR COURT.

CANADA STEAMSHIP COMPANY (Limited), respondent, agt. WALTER S. SINCLAIR, appellant.

*Examination before trial — Privilege of witness — When privilege to be urged— Mere possession of stolen goods not necessarily inconsistent with innocence.*

A refusal to answer a question on the ground of the tendency thereof to convict of a crime is a personal privilege of the witness, and to be urged when the question is put.

Unless it appear that the testimony sought by an examination before trial relates exclusively to facts which, if proven, would show that the witness was guilty of a crime, the order therefor will not be set aside.

The mere possession of goods which have been stolen, not being necessarily inconsistent with innocence of the crime of "receiving stolen goods," a witness should be left to urge his privilege, if it exist, on the examination itself.

*General Term, May,* 1883.

*Before* INGRAHAM *and* TRUAX, *JJ.*

APPEAL from an order of the special term denying motion of defendants to vacate an order for the examination of defendants to enable plaintiff to frame the complaint in this action.

*Richard S. Newcomb,* for appellant.

*C. Stewart Davison,* for respondent.

INGRAHAM, *J.*— From the affidavit on which the order for the examination of the defendants was granted, it appears that plaintiff had, as common carrier, a special property in thirty-one bales of rubber which was stolen from the plain-

Canada Steamship Company agt. Sinclair.

tiffs about January 10, 1883, and some portion of which was thereafter in possession of defendant. That the action was commenced to recover the return of the property or the value thereof from the defendant, and that it was impossible for plaintiff to allege the number of the bales that came into possession of the defendants or the weight of the rubber or to properly frame the complaint without the examination of defendants. On the affidavit the defendants moved to vacate the order for the examination of the defendants, which motion was denied, and from that order denying such motion the defendants appeal.

The ground upon which it is claimed that the order should be reversed is " that the testimony to be given would make the defendants liable to indictment for receiving stolen goods."

The possession of goods that have been stolen is not of itself a crime. The crime is only committed where a person buys or receives property stolen from another, knowing the same to have been stolen (2 *R. S.* [*Edm.*], 700, *sec.* 71). The right of a witness to object to answer to a question which would tend to convict him of a crime is a personal privilege and should be urged when he is asked the questions having such a tendency. It is not sufficient ground for setting aside an order for his examination unless it should appear that the testimony which the party seeks to obtain relates exclusively to facts which, if proven, would show that the witness was guilty of a crime.

In this case the object of the examination is to identify the goods stolen from the plaintiff, which, it is claimed, came into the possession of the defendant. That of itself would not be a crime, it would undoubtedly be one of the facts which it would be necessary to prove to convict of the crime of receiving stolen goods ; but, as the fact is consistent with the innocence of the defendant, I am of the opinion that the objection should be left to be passed on upon the examination itself (*Patterson* agt. *Sanford,* 45 *N. Y. Super. Ct.,* 127).

The order should be affirmed, but without costs.

Truax, *J.*— I concur in this result, because I think that in this particular case the defendant should be left to take the objection upon the examination.